IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL ALVIN KRAUSE, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | Civil Action No. H-09-1621 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| *Respondent.* | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Michael Alvin Krause, a state inmate proceeding *pro se*, filed this habeas petition challenging his 2005 conviction for possession of child pornography. Respondent filed a motion to dismiss the petition as barred by limitations (Docket Entry No. 12), to which petitioner filed a response (Docket Entry No. 13).

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court **GRANTS** the motion to dismiss and **DISMISSES** this case for the reasons that follow.

### I. BACKGROUND

Petitioner was convicted of possession of child pornography and sentenced to nine years incarceration on November 16, 2005. The conviction was affirmed on appeal, and discretionary review was refused on October 31, 2007. Petitioner's application for state

habeas review, filed on February 25, 2009, was denied by the Texas Court of Criminal

Appeals on May 6, 2009.  The instant federal habeas petition was filed on May 21, 2009.

## II.  ANALYSIS

Respondent argues that this federal petition is barred by the applicable one-year statute

of limitations.  As petitioner was convicted after April 24, 1996, this pending petition is

governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996

(AEDPA).  Under AEDPA, federal habeas corpus petitions are subject to a one-year

limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of
> habeas corpus by a person in custody pursuant to the judgment of a State
> court.  The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of
> > direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created
> > by State action in violation of the Constitution or laws of the
> > United States is removed, if the applicant was prevented from
> > filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially
> > recognized by the Supreme Court, if the right has been newly
> > recognized by the Supreme Court and made retroactively
> > applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims
> > presented could have been discovered through the exercise of
> > due diligence.
>
> (2) The time during which a properly filed application for State post-conviction
> or other collateral review with respect to the pertinent judgment or claim is

2

pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1), (2).

A.    Statutory Tolling

The Texas Court of Criminal Appeals refused discretionary review on October 31, 2007. Accordingly, plaintiff's conviction became final for purposes of AEDPA ninety days later, on January 29, 2008. Sup. Ct. R. 13.1. The AEDPA one-year limitation expired on or about January 28, 2009. Petitioner's application for state habeas relief was filed on February 25, 2009, after expiration of limitations, and had no federal tolling effect. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the AEDPA statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period). Respondent correctly argues that the instant petition, filed on May 21, 2009, is barred by limitations.

Petitioner not shown that he was subject to state action that impeded him from filing the instant petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based, nor is there a factual predicate for the claim that could not have been discovered previously if the petitioner had acted with due diligence. *See* 28 U.S.C. §§ 2244(d)(1)(C), (D). Accordingly, there is no statutory basis to save petitioner's untimely federal petition.

3

B.    Equitable Tolling

In his response to the motion to dismiss, petitioner complains of difficulties in accessing legal materials during 2007-2008. The Court construes this argument as a request for equitable tolling.

The doctrine of equitable tolling preserves a petitioner's claims when strict application of the statute of limitations would be inequitable. The petitioner bears the burden of proof concerning equitable tolling, and must demonstrate "rare and exceptional circumstances" warranting application of the doctrine. *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000). Petitioner presents no reasons why he was unable to file his state habeas application by January 28, 2009, in order to toll federal limitations, and shows no rare or exceptional circumstances meriting application of equitable tolling. *See id.* (discussing the availability of equitable tolling in the context of habeas corpus under the AEDPA, and noting that neither ignorance of the law, lack of knowledge of filing deadlines, a prisoner's *pro se* status, lack of access to federal statutes and case law, incarceration, illiteracy, deafness, lack of legal training, nor actual innocence claims support equitable tolling of the AEDPA statute of limitations).

The instant federal petition is barred by limitations.

4

### III.  CONCLUSION

The motion to dismiss (Docket Entry No. 12) is **GRANTED** and this case is

**DISMISSED WITH PREJUDICE** as barred by limitations.  A certificate of appealability

is **DENIED.**  Any and all pending motions are **DENIED AS MOOT**.

The Clerk will provide copies of this order to the parties.

**SIGNED** at Houston, Texas, on the _____ day of December, 2009.


KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

5